In the Matter of the Application of LOUIS WEINBERG and Another, Respondents, to Compel ISRAEL A. NEEDLEMAN, an Attorney at Law of the State of New York, Appellant, to Pay over Certain Moneys.

First Department, April 19, 1929.

*Charles H. Kelby* of counsel [*Israel A. Needleman*, attorney], for the appellant.

*Harry Goldberg* of counsel [*Goldberg & Levitt*, attorneys], for the respondents.

FINCH, J. From an order of Special Term confirming the report of a referee in a summary proceeding and directing the appellant, an attorney, forthwith to turn over to the petitioners a certain sum of money and providing that, in default thereof, the said appellant may be punished as for a contempt of court, the latter appeals.

The facts are as follows: The appellant acted in the capacity of attorney at law to represent the interest of the petitioners as lenders of money on mortgage. The Vignali Realty Corporation employed a broker named Mintz, who brought the loan to another broker named Nathaniel Ginsberg, who was a law clerk in the employ

of the appellant. Nathaniel Ginsberg was offering for sale a building loan mortgage agreement for a building about to be constructed by the Vignali Realty Corporation. The offer provided that the borrowers were to pay six per cent interest, $200 bonus to the petitioners, and all the expenses including the fee of appellant. The petitioners purchased the building loan mortgage agreement from Harry Ginsberg and thereby became obligated to advance to the Vignali Realty Corporation, for the purposes of construction, the sum of $5,638 in certain installments. On July 1, 1925, the petitioners delivered to the appellant, as their attorney at law, a check for $1,938. This money was drawn by check of petitioners to the order of Vignali Realty Corporation or I. A. Needleman. Needleman deposited this sum of $1,938 in his own personal bank account. Needleman advanced out of this sum $825 to pay off certain liens. The balance of the money, consisting of $1,113, he drew, by check, to the order of Nathaniel Ginsberg, his law clerk. On the back of this check was written "Payment approved, Vignali Realty Corporation, by Alfred M. Vignali, President, S. A. Mehlman, Secretary." This check for $1,113 was never cashed, but Needleman put in evidence certain other checks, which, together, made up the sum of $1,113 and which are as follows: To petitioners, for a bonus, $200, which the petitioners received; to Mintz, the first broker, $154.50; to Nathaniel Ginsberg, the law clerk of appellant, $350; to Needleman, for his services, $350. The balance, amounting to $58.50, after paying for recording fees and other incidentals, was split up between Nathaniel Ginsberg and appellant. No further amounts were advanced under this building loan mortgage because a foreclosure was commenced, and in this foreclosure trial it was held that the only amount for which the petitioners could be awarded a lien was the sum which actually went into the realty, namely, $825. Thereafter this sum of $825, with interest, was paid to the petitioners out of the foreclosure proceedings. The official referee found upon the hearing that the appellant was liable for the sum of $1,113, which finding was confirmed by the court and this appeal taken.

The petitioners seek to hold appellant as converter of these moneys. They have proceeded against him not in an action, but summarily, by motion based upon affidavits. A complete answer to this summary proceeding is that appellant had authority from the petitioners to pay out this money to the borrower upon obtaining valid security under the building loan. Appellant claims that he has done so. If the appellant did obtain, as he claims, this security, then the decision in the foreclosure action was wrong and the petitioners must suffer the loss because of their deliberate failure to appeal from the judgment. If, on the other hand, appellant did

not secure the lien because of negligence, he is liable for the loss and damage suffered by the petitioners. The measure of the liability of the appellant is not that of an insurer, namely, that the proper lien would be obtained or he would be liable, but only that he should perform his service as an attorney and counselor at law with due care and average skill. ( *Kissam* v. *Squires,* 102 App. Div. 536.) This issue has not yet been adjudicated as against the appellant, since he was not a party to the foreclosure action and consequently had no right to appeal. Upon such an issue appellant is entitled to a trial of the action and cannot be adjudged in a summary proceeding.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and petitioners remitted to a right of action if they be so advised.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and petitioners remitted to a right of action if they be so advised.